PTM/3511msf

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SISTERS OF MERCY HEALTH SYSTEM, ST. LOUIS, INC., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. CIV-09-389-F |
| GARY PAUL KULA, M.D., ) ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND BRIEF IN SUPPORT

Defendant, Gary Paul Kula, M.D. (hereinafter "Dr. Kula") respectfully moves for summary judgment on all claims asserted by plaintiff, Sisters of Mercy Health System, St. Louis, Inc. (hereinafter "Mercy"). Dr. Kula submits that his brief and the exhibits attached to his brief establish that there is no controversy as to any material fact.

### BRIEF IN SUPPORT

### Factual Summary

Dr. Kula was employed by Mercy. Mercy, through its Employment Agreement, agreed to provide Dr. Kula with medical liability insurance coverage. Two of Dr. Kula's patients filed a medical negligence lawsuit against Dr. Kula in the District Court of Cleveland County. The lawsuit was dismissed without prejudice but one of the patients refiled her lawsuit in the United States District Court for the Western District of Oklahoma. That patient alleged that Dr. Kula inappropriately developed a romantic relationship with her. Mercy agreed to provide Dr. Kula a defense to the patient's claim under a Reservation of Rights. Mercy advised Dr. Kula that, since the

patient's lawsuit claims were of a romantic (not medical) nature, that it would pay no judgment against him or settlement on his behalf. Mercy then filed a Complaint for Declaratory Judgment in the United States District Court for the Western District of Oklahoma and the Honorable Stephen Friot ruled that Mercy had no duty to defend or indemnify Dr. Kula. The patient appealed Judge Friot's declaratory judgment ruling to the Tenth Circuit Court of Appeals. While appeal was pending, Mercy settled with Dr. Kula's patient. Dr. Kula did not consent to or authorize the settlement. Shortly after Mercy's settlement with the patient, the Tenth Circuit Court of Appeals affirmed Judge Friot's declaratory judgment ruling.

**Statement of Uncontroverted Facts**

1. In January 1998, Mercy and Dr. Kula entered into a Physician Employment Agreement where Dr. Kula was to provide psychiatric services as a Mercy employee. The Physician Employment Agreement stated that Mercy would provide Dr. Kula with normal and customary professional liability insurance coverage. (Please see Mercy's Complaint: Case No. CIV-09-389-F.)

2. On May 21, 2002, two of Dr. Kula's patients filed a civil lawsuit in the District Court of Cleveland County against Dr. Kula. The lawsuit was dismissed without prejudice on December 16, 2003. (Please see Mercy's Complaint: Case No. CIV-09-389-F.)

3. On July 30, 2002, Mercy sent a letter to Dr. Kula and Mercy lawyer, Ms. Mary Hanan. The letter stated:

> . . . Although we have decided to provide Dr. Kula with counsel, given the nature of the allegations, we will not pay any judgment against him or settlement on his behalf since it would be predicated upon behaviors not within the course and scope of employment. I invite Dr. Kula to call me with any questions he has about this reservation of rights.. . . (Attached and marked as Exhibit 1, Mercy July 30, 2002, letter to its lawyer, Ms. Mary Hanan, and Dr. Kula.)

4. On August 6, 2004, one of the patients who had previously filed and dismissed a lawsuit against Dr. Kula, refiled her lawsuit against Dr. Kula in the United States District Court for the Western District of Oklahoma. (Attached and marked as Exhibit 2, Complaint, Patricia D. Bachhofer vs. Paul Kula, M.D.)

5. In her lawsuit, Ms. Bachhofer alleged that Dr. Kula became romantically involved with her. (See Exhibit 2.)

6. The Mercy medical liability insurance policy purchased for Dr. Kula pursuant to the Physician's Employment Agreement did not provide coverage for acts or omissions outside of the scope of Dr. Kula's employment. (Attached and marked as Exhibit 3, Mercy Pooled Comprehensive Liability Program Insurance Policy.)

7. On January 31, 2005, Mercy filed a Complaint for Declaratory Judgment. Mercy argued that Dr. Kula acted outside of the scope of his employment and that it was not, therefore, required to defend and/or indemnify him. (Attached and marked as Exhibit 4, Sisters of Mercy Health System, St. Louis, Inc., vs. G. Paul Kula, M.D., an individual, and Patricia Bachhofer, an individual, Complaint for Declaratory Judgment.)

8. On April 13, 2006, the Honorable Stephen P. Friot ruled that Mercy had no duty to defend or indemnify Dr. Kula in Ms. Bachhofer's lawsuit. (Attached and marked as Exhibit 5, Sisters of Mercy Health System, St. Louis, Inc., vs. G. Paul Kula, M.D., an individual, and Patricia Bachhofer, an individual, Judgment.)

9. On February 6, 2007, in consideration of Mercy's settlement payment, Ms. Bachhofer executed a Release of All Claims against Dr. Kula. (Attached and marked as Exhibit 6, Settlement Agreement and Release of All Claims.)

10. Dr. Kula did not consent to nor authorize Mercy's settlement of Ms. Bachhofer's lawsuit against him. (Attached and marked as Exhibit 7, Affidavit of Paul Kula, M.D.)

11. Neither Mercy nor any of its agents advised Dr. Kula at the time of settlement with Ms. Bachhofer that it would seek indemnification against him. (See Exhibit 7.)

12. The insurance policy which provided medical liability coverage for Dr. Kula did not contain any language allowing Mercy to seek indemnification from Dr. Kula. (Attached and marked as Exhibit 3.)

13. On April 24, 2007, the United States Court of Appeals for the Tenth Circuit affirmed Judge Friot's ruling that Mercy had no duty to defend or indemnify Dr. Kula. (Attached and marked as Exhibit 8, Tenth Circuit Court of Appeals Opinion).

## Argument and Authority

**It has been judicially determined that Mercy owed no duty to defend or indemnify Dr. Kula. Mercy was a volunteer and as such is not entitled to indemnity.**

Mercy is seeking to recover against Dr. Kula the amount it paid Ms. Bachhofer in settlement and the amount expended in legal fees and costs defending Dr. Kula. It has been judicially determined, however, that Mercy had no duty to defend or indemnify Dr. Kula. Mercy, in spite of this judicial determination, chose to pay settlement monies to Ms. Bachhofer.

Mercy and Dr. Kula never entered into any contract for indemnification. The medical liability insurance policy which purportedly paid settlement monies to Ms. Bachhofer does not contain any language allowing Mercy to seek indemnification from Dr. Kula. Indeed, pursuant to the Dr. Kula/Mercy Employment Agreement, Mercy was to provide Dr. Kula a medical liability insurance policy which would protect him from alleged medical neglect.

Dr. Kula recognizes that Oklahoma law allows indemnification absent contract. 27 Am.Jur. Indemnity, Sec. 18, states:

> . . . One constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract indemnify. Accordingly, it has been stated that a person who, "without fault on his own part," has been <u>compelled to pay damages</u> occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not. [Emphasis added.]

In *Porter v. Norton-Stuart Pontiac-Cadillac of Enid, Oklahoma*, 405 P.2d 109, 1965, the Oklahoma Supreme Court quoted, with approval, 27 Am.Jur. Indemnity, Sec. 18 and held:

> Where two parties are jointly liable to a third party in respect of a tort, one of them primarily for the reason that he is the actual wrongdoer, and the other is secondarily and constructively under the rule of a respondeat superior but without any fault having a causal connection with the third party's injuries, the latter may recover from the former the amount he has been <u>compelled to pay as damages</u> for the injury. [Emphasis added.]

However, Mercy was not compelled to pay damages to Ms. Bachhofer. It did so gratuitously. At the outset of the Bachhofer litigation, Mercy advised Dr. Kula that it would not pay any judgment against him or settlement on his behalf. The pertinent insurance policy clearly stated that coverage would not be provided to Dr. Kula for acts outside the scope of his employment. Developing and/or encouraging a romantic relationship with a patient, as was alleged, is clearly outside the scope of employment. Mercy sought and received declaratory judgment establishing that it had no duty to defend or indemnify Dr. Kula because his acts were outside the scope of employment. The trial court's declaratory judgment ruling was affirmed on appeal.

It is not known why Mercy decided to pay settlement monies to Ms. Bachhofer after it had

been judicially determined that it did not owe those monies. Perhaps Mercy thought it possible that the Appellate Court would determine that Dr. Kula's actions were within the scope of his employment and therefore covered. If Dr. Kula's acts were within the scope of his employment, then the insurance policy would cover those acts. If those acts were within the scope of Dr. Kula's employment, then Mercy had no contractual indemnification right.

Under Oklahoma law, an indemnitee ordinarily may recover its attorneys fees incurred in defending against the <u>indemnified liability</u> only insofar as those fees were incurred in good faith and in the exercise of reasonable discretion. *U.S. v. Hardage,* C.A. 10 (Oklahoma) 1993, 985 F.2d 1427. Mercy did not defend against indemnified liability. Again, Mercy had no duty to indemnify and no duty to defend.

Oklahoma case law provides that the duty to defend is separate from and broader than the duty to indemnify (e.g. *First Bank of Turley v. Fidelity and Deposit Ins. Co. of Maryland*, 1996 OK 105, 928 P.2d 298). However, an insurer has no duty to defend unless "it ascertains the presence of facts that give rise to the potential of liability under the policy." <u>Id.</u> Here, there was no potential of liability under the policy. The policy very clearly stated that if Dr. Kula acted outside of the scope of his employment, liability coverage would not be provided. Dr. Kula was advised at the outset of the Bachhofer litigation by Mercy that coverage would not be provided. Also, as previously stated, it has been judicially determined that Mercy had no duty to defend Dr. Kula. There is simply no duty to defend under the policy when there is no coverage for the claims in the underlying suit. *National American Insurance Co. v. Okemah Management Co.,* 2008 OK CIV APP 58.

Dr. Kula's counsel admits that if Ms. Bachhofer's allegations are true, Dr. Kula's behavior was highly inappropriate. Some may argue that it is unfair that Dr. Kula, an alleged bad actor, has

received a benefit. Pursuant to the law, however, Mercy had no duty to defend nor indemnify Dr. Kula. It was, therefore, a volunteer. Mercy cannot recover settlement money paid to Ms. Bachhofer, attorneys fees and costs when it volunteered to pay those costs. If Mercy had not defended nor indemnified Dr. Kula, Dr. Kula could have hired his own lawyer and managed his own defense. Dr. Kula could have exercised some control over the expenditure of legal fees and costs in his defense. More importantly, Dr. Kula could have exercised control over whether the *Bachhofer* case went to trial or was settled (and the amount of that settlement). Indeed, Dr. Kula wanted to proceed to trial and defend himself and his professional reputation. Dr. Kula asserts that Mercy's position is without legal support but that it is also unfair to require him to bear the costs of litigation and settlement in a case over which he exercised no control.

Wherefore, Dr. Kula respectfully requests that summary judgment be granted in his favor and that Mercy's case be dismissed in its entirety. Dr. Kula would also respectfully advise the Court that if the Court sustains his Motion for Summary Judgment, he will <u>not</u> seek recovery of attorneys fees which may be allowable pursuant to contractual breach.

 s/Perry T. Marrs, Jr.
Perry T. Marrs, Jr.     OBA No. 11914
Benjamin J. Butts     OBA No. 10228
BUTTS & MARRS, P.L.L.C.
5655 Classen Boulevard
Oklahoma City, OK 73118
(405) 608-0098
(405) 608-0083 - Facsimile
firm@mbmlaw.net

Attorneys for Defendant

**Certificate of Service**

This is to certify that on the 18th day of November, 2009, the foregoing DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was filed electronically with the Clerk of the Court for the for U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court.  The electronic case filing system sent a Notice of Electronic Filing to the following ECF registrants:

    Mr. Chris L. Fox
    Heron, Sweet, Fox & Trout, P.C.
    2933 N.W. 156th Street
    Edmond, OK 73013
    405/513-7111
    405/513-7277 - Facsimile
    cfox@hsftlaw.com
        Attorney for Plaintiff

                                        s/Perry T. Marrs, Jr.
                                        Perry T. Marrs, Jr.