## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SISTERS OF MERCY HEALTH SYSTEM, ST. LOUIS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. |
| vs. | ) ) | |
| 1. G. PAUL KULA, M.D., an Individual, and | ) ) ) | |
| 2. PATRICIA BACHHOFER, an individual, | ) ) ) | |
| Defendants. | ) ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Sisters of Mercy Health System, St. Louis, Inc. ("SMHS"), states and alleges the following as its causes of action against the Defendants, Paul Kula, M.D. ("Kula") and Patricia Bachhofer ("Bachhofer").

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, SMHS, is a corporation domiciled in the State of Missouri. SMHS administers a self-funded Pooled Comprehensive Liability Program for Participants designed to evaluate and defend liability claims and accumulate funds to pay for those losses.

2. Mercy Memorial Health Center, Inc., in Ardmore, Carter County, Oklahoma is and was at all relevant times herein, a Participant in the SMHS Pooled Comprehensive Liability Program.

3. Defendant Kula was a physician employed by Mercy Memorial Health Center, Inc. when the events giving rise to the underlying action allegedly occurred. As an employed physician, he was an indemnitee of the SMHS' Pooled program for covered claims.

1

**EXHIBIT 4**

Defendant Kula is a resident of the State of Texas at this time.

4. Defendant Bachhofer filed a civil lawsuit against Defendant Kula in the United States District Court, Western District of Oklahoma, case number CIV-04-969-F (U.S.W.D.), which is currently pending before the Honorable Stephen Friot. The Defendant Bachhofer is a resident of Love County, State of Oklahoma. The pending federal civil lawsuit alleges claims against Defendant Kula for which both Defendants will be seeking to hold SMHS liable for, i.e., indemnification, settlement and/or judgment.

5. SMHS is currently providing Defendant Kula with a defense in the pending civil lawsuit under a reservation of rights. Thus, an actual controversy exists among the parties so that the Court may render a declaratory judgment pursuant to 28 U.S.C. §2201. See also Marland Casualty Co. v. Pacific Coal & Oil Co. et al., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

6. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1332(a)(1) as the Plaintiff and Defendants are all citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interests.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2).

## BACKGROUND FACTS

8. In December of 1997, Defendant Kula applied for appointment to the Medical Staff of Mercy Memorial Health Center ("Hospital") in Ardmore, Oklahoma. At that time, Defendant Kula was licensed to practice medicine in the State of Oklahoma, and was Board Certified in Psychiatry. Defendant Kula applied for privileges to practice in the Psychiatric department of the Hospital.

9. In January of 1998, Hospital and Defendant Kula entered into a written Physician

2

Employment Agreement where Kula was to provide psychiatric services as an employee of the Hospital.

10. Although not all inclusive, the Employment Agreement required Defendant Kula to practice within his specialty at the Hospital, keep and maintain accurate and appropriate records relating to professional services rendered, promote the Hospital's interests to the extent permitted by law and applicable professional ethics, comply with Hospital's rules and regulations, and perform professional services in accordance with applicable law and the ethics and standards of care.

11. The Physician Employment Agreement states the Hospital would provide Defendant Kula with normal and customary professional liability coverage during the term of the Agreement. The term of this particular Agreement was to commence on January 1, 1998 and end on December 31, 1999.

12. Defendant Kula was appointed to the Medical Staff of the Hospital and/or obtained privileges on April 27, 1998. Defendant Kula reapplied for privileges and/or maintained his active Medical Staff status at the Hospital throughout the year of 2000 and into 2001. The term of the Physician Employment Agreement was also extended through that time.

13. On November 9, 2001, the Oklahoma Board of Medical Licensure and Supervision had a hearing pertaining to the conduct of Defendant Kula. The Final Order of Suspension (filed November 15, 2001) states, in pertinent part, as follows:

"8. On June 11, 1998, October 17, 1998, October 26, 1998 and January 9, 1999, Defendant (Kula) prescribed controlled dangerous substances to his wife. These prescriptions were all filled at the Kerr & Reavis Drug Store in Ardmore, Oklahoma."

"9. On or about May 22, 2000, Defendant engaged in physical conduct with Patient A which was sexual in nature. Specifically, Defendant rubbed the top part

3

of her breast and bra strap, locked the office door and kissed the patient by inserting his tongue in her mouth, all against the patient's will. Defendant engaged in these sexual acts at the same time that he was maintaining a doctor-patient relationship and prescribing mediation for the patient."

"10. Beginning n September or October of 2000 and continuing through January 2001, Defendant engaged in physical conduct with Patient B which was sexual in nature. Specifically, in September or October 2000, Defendant kissed her in his office during a counseling session. During a visit to his office in November 2000, Defendant locked the office door, kissed her on the mouth, and fondled her breasts and vagina. During this same office visit, Defendant unzipped his pants, exposed his penis and made sexually suggestive remarks to her. Defendant engaged in these sexual acts at the same time that he was maintaining a doctor-patient relationship and prescribing mediation for the patient."

"11. On or about November 26, 2000, December 1, 2000, December 22, 2000, January 3, 2001, and on January 15, 2001, Defendant engaged in sexual intercourse with Patient B at Motel 6 and Days Inn motels, both located in Ardmore, Oklahoma. During this period of time when Defendant was engaging in sexual intercourse with this patient, Defendant was maintaining a doctor-patient relationship and prescribing mediation for the patient ."

"12. Defendant is guilty of unprofessional conduct in that he:

A. Engaged in dishonorable or immoral conduct which is likely to deceive, defraud or harm the public in violation of 59 O.S. §509(9) and OAC 435: 10-7-4(11).

B. Engaged in physical conduct with a patient which is sexual in nature, or in any verbal behavior which is seductive or sexually demeaning to a patient in violation of 59 O.S. §509 (18).

C. Prescribed, sold, administered, distributed, ordered, or gave any drug legally classified as a controlled substance or recognized as addictive dangerous drug to a family member or himself in violation of OAC 435: 10-7-4 (26) ..."

"... The Board further found that the Defendant's license should be suspended based upon any or all of the violations of unprofessional conduct provisions of 59 O.S. §509(9) and (18), and OAC Title 435:10-7-4 (11) and (26) ..."

14. On or about May 21, 2002, the two (2) patients mentioned in the Board's final order (Patricia Bachhofer was one) filed a civil lawsuit in the District Court of

4

Cleveland County against Defendant Kula (CJ-2002-843). The allegations were, in short, based upon the alleged unprofessional, unreasonable, unethical, immoral and illegal acts and/or omissions cited in the Board's final Order. Importantly, Defendant Kula admitted in his deposition that having a sexual relationship with a patient was "an unethical, immoral act", constitutes "poor medical practice" and "unprofessional conduct",and was contrary to "moral standards." This lawsuit was dismissed without prejudice on or about December 16, 2003.

15. In August of 2003, Patricia Bachhofer refiled her civil lawsuit against Defendant Kula in the United States Western District Court, and this case is currently pending before the Honorable Stephen P. Friot with the style of "*Patricia D. Bachhofer, an individual v. G. Paul Kula, M.D., an individual*," Case No. CIV-04-969. The plaintiff, Bachhofer, alleges that Defendant Kula unethically and tortuously became romantically involved with her resulting in damages. Jurisdiction is alleged to exist per 28 U.S.C. §1332. The parties in this lawsuit are attempting to mediate the case per Judge Friot's order. However, SMHS has denied Defendant Kula any Pooled coverage for judgments or settlements resulting from the pending lawsuit. Thus, the parties in this pending lawsuit filed a Joint Motion to Stay so SMHS could file this Complaint for Declaratory Relief.

## THE POOL PROVISIONS

16. On or about October 21, 2004, the Honorable Stephen Friot entered a Protective Order, in the civil case mentioned in Paragraph No. 14 above, which includes the Pooled Comprehensive Liability Program Agreement at issue. Therefore, Plaintiff will not refer to specific provisions of the Pool Agreement.

5

17. Once the defendants have been served and have appeared, Plaintiff will file an application for a protective order to establish a framework for protection of confidential information in this action

### CLAIMS FOR RELIEF

18. In setting forth its Claims for Relief, SMHS incorporates and adopts Paragraph Nos. 1-17 set forth above.

19. The claims alleged in the civil lawsuit mentioned in Paragraph No. 15 above are not subject to any coverage per the plain language of the Pool provisions/exclusions in issue. Accordingly, SMHS seeks a declaration that it has no duty of any kind with respect to any such loss, demand, indemnification, claim or suit based upon the allegations against Defendant Kula in the civil lawsuit mentioned in Paragraph No. 15 above.

WHEREFORE, the Plaintiff, Sisters of Mercy Health Systems, St. Louis, Inc., respectfully requests that this Court issue an Order and Judgment finding that SMHS does not owe any duty to Defendant Kula to defend or indemnify, and/or make any payment to the plaintiff in the civil lawsuit mentioned in Paragraph No. 15 above in the event that an adverse settlement or judgment is reached.

Respectfully Submitted,

s/Michael J. Heron
MICHAEL J. HERON, OBA # 14740
CHRIS L. FOX, OBA# 18053
HERON, SWEET & FOX, P.C.
2601 NW Expressway, Suite 707w
Oklahoma City, OK 73112
Telephone: (405) 608-0195
Facsimile: (405) 608-1027
Mheron@HeronSweetFox.com
Cfox@HeronSweetFox.com
ATTORNEYS FOR PLAINTIFF