**F I L E D**
United States Court of Appeals
Tenth Circuit

**April 24, 2007**

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

SISTERS OF MERCY HEALTH
SYSTEM, ST. LOUIS, INC.,

        Plaintiff-Appellee,

v.

G. PAUL KULA, M.D.,

        Defendant,

and

PATRICIA D. BACHHOFER,

        Defendant-Appellant.

No. 06-6167

(W.D. Oklahoma)

(D.C. No. 05-CV-115-F)

A true copy

Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By _____
Deputy Clerk

## ORDER AND JUDGMENT[*]

Before **LUCERO, MURPHY**, and **GORSUCH**, Circuit Judges.

Defendant-appellant, Patricia Bachhofer, appeals from the district court's

grant of declaratory judgment in favor of plaintiff-appellee, Sisters of Mercy

Health System, St. Louis, Inc. ("SMHS"). Exercising jurisdiction pursuant to 28

U.S.C. § 1291, this court **affirms** the district court.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

**EXHIBIT**

8

Doctor G. Paul Kula was, at one time, a psychiatrist on the medical staff of

Mercy Memorial Health Center ("Mercy Memorial") in Ardmore, Oklahoma;

Bachhofer was his patient. Bachhofer sued Dr. Kula for common law negligence

and intentional infliction of emotional distress, alleging he had engaged in an

improper sexual relationship with her. Mercy Memorial participates in SMHS's

Pooled Comprehensive Liability Program (the "Program"). Because Dr. Kula was

an employee of Mercy Memorial a question arose as to whether SMHS had a duty

to defend or indemnify Dr. Kula with regard to Bachhofer's suit. SMHS filed the

instant action, naming both Dr. Kula and Bachhofer as defendants, seeking a

declaration that under the Program it had no duty to defend or indemnify Dr. Kula

in Bachhofer's underlying lawsuit.

In a lengthy and comprehensive order, the district court granted declaratory

judgment to SMHS.[1] The district court began by quoting at length from the terms

of the Program. The district court noted in particular that the coverage issues in

this case were governed by Articles IV and VI of the Program, which limited

coverage to "indemnitees" and defined an indemnitee as an employee "acting

within the scope of his or her assigned duties." The district court then moved on

---

[1]Although the parties originally submitted the coverage matter to the
district court on cross-motions for summary judgment, the parties eventually
agreed to have the district court decide the matter pursuant to Federal Rule of
Civil Procedure 52 (setting forth procedures for trial of a matter to the court
without a jury). Nevertheless, in deciding the coverage issue, the district court
relied exclusively on the materials submitted with the parties' summary judgment
motions and on the transcript of the parties' oral arguments to the court.

to compare the allegations in Bachhofer's underlying suit against Dr. Kula with the duties set out in Dr. Kula's employment contract with Mercy Memorial. That examination led the district court to conclude that none of the actions Dr. Kula was alleged to have undertaken were within the scope of his assigned duties. Although recognizing that the Program provision "scope of assigned duties" was narrower than the common law *respondeat superior* concept of scope of employment, the district court noted that its disposition was nevertheless consistent with Oklahoma case law involving *respondeat superior* liability.

On appeal, Bachhofer raises eight separately numbered challenges to the district court's grant of declaratory judgment in favor of SMHS. Each of these eight challenges, however, relate to one single dispositive issue: does the Program impose upon SMHS a duty to defend and indemnify Dr. Kula against Bachhofer's claim she was damaged by Dr. Kula's negligent/intentional medical mistreatment? This court reviews *de novo* the district court's conclusion that SMHS had no such duty. *Naime v. Cytozyme Labs, Inc.*, 174 F.3d 1104, 1111 (10th Cir. 1999) (applying, in a similar procedural context, *de novo* review because appellant "did not dispute the existence of the evidence cited by the district court, but rather argue[d] the district court erred in concluding those documents evidence a binding contract" and thus the district court's conclusion "primarily involve[d] applications of legal principles to the facts"). Upon *de novo* review of the parties' briefs and submission, the district court's well-stated order, and the entire

-3-

record on appeal, we can discern no error in the district court's thoughtful

resolution of this case. Because we have nothing to add to the district court's

reasoning, this court **AFFIRMS** for substantially those reasons set out by the

district court in its order dated April 13, 2006.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

May 16, 2007

Mr. Robert D. Dennis
Clerk
United States District Court for the W. District of Oklahoma
200 NW Fourth Street
Room 1210 United States Courthouse
Oklahoma City, OK 73102

    Re:    06-6167, Sisters of Mercy v. Bachhofer
           Dist/Ag docket: 05-CV-115-F

Dear Clerk:

    Enclosed for the clerk of the trial court or the named agency,
is a certified copy of the order and judgment filed in this case which
is issued as the mandate of this court.  See Fed. R.  App. P. 41(a).
Please file it in the records of your court or agency.

    Please contact this office if you have questions.

                                   Sincerely,

                                   Elisabeth A. Shumaker
                                   Clerk, Court of Appeals

                                   By:
                                        Deputy Clerk

clk:jc

cc:
        Christopher L. Fox
        Michael J. Heron
        A. Craig Tomlin
        Scott F. Brockman
        Stanley M. Ward
        Woodrow K. Glass
        Charles J. Watts
        Dixie L. Coffey
        Gloyd L. McCoy
        John H. Edwards III